UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

YVONNE R. RICHARDSON, by her )
Conservator Barbara Carlin, and the )
MAINE POOLED DISABILITY TRUST, )
on its own behalf and on behalf of its )
current and future participating )
beneficiaries over age 64, and on behalf )
of all other similarly situated individuals, )
 )
    Plaintiffs, )
 )
    v. )   2:17-cv-00134-JAW
 )
RICKER HAMILTON, in his official )
Capacity as Acting Commissioner of the )
MAINE DEPARTMENT OF HEALTH )
AND HUMAN SERVICES, )
 )
    Defendant. )

**INTERIM ORDER ON MOTION TO DISMISS**

A Medicaid beneficiary and a pooled disability trust bring this action seeking injunctive and declaratory relief against the Commissioner of the Maine Department of Health and Human Services (MDHHS), alleging improper treatment of deposits into pooled special needs trusts for purposes of benefits eligibility determinations in violation of the Medicaid Act, 42 U.S.C. §§ 1396 *et seq*. The Medicaid beneficiary deposited the proceeds of the sale of her former home in the trust. MDHHS treated this asset transfer as one that did not give the beneficiary equal value, and, as a result, MDHHS notified the Medicaid beneficiary that it would temporarily suspend certain benefits as a penalty. The beneficiary administratively appealed, and

MDHHS continued her benefits given the pending appeal. The Commissioner moves to dismiss the Plaintiffs' claims on the ground that the Medicaid Act requires MDHHS to treat such asset transfers in the manner that it does.

The Court informs the parties of its intentions with respect to the timing of class certification. The Court identifies one threshold matter the parties have not thoroughly addressed and others the parties have not addressed at all. The Court orders that the counsel be prepared to address these issues at the oral argument tentatively set for February 8, 2018. Although the Court is not requiring the parties to file supplementary memoranda, the Court offers the parties the opportunity to submit simultaneous supplemental memoranda on these issues.

## I. DISCUSSION

### A. Timing of Class Certification

At the outset, the Court informs the parties of its intentions with respect to class certification timing. The Maine Pooled Disability Trust (MPDT) and Ms. Richardson brought this suit as a putative class action. Under Rule 23(c)(1)(A), when a plaintiff sues as a representative of a class, the court must "[a]t an early practicable time" determine by order whether to certify the action as a class action. FED. R. CIV. P. 23(c)(1)(A). It is "'well-settled that, absent prejudice to the plaintiff, a court may decide a defendant's [dispositive motion] in a putative class action before taking up the issue of class certification.'" *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005) (granting motion to stay) (quoting *Evans v. Taco Bell Corp.*, No. 04–CV–103–JD, 2005 WL 2333841, at *4 n.6, 2005 U.S. Dist. LEXIS 20997, at *11 n. 6

(D.N.H. Sept. 23, 2005)); *see also Sanchez v. Triple–S Mgmt., Corp.*, 492 F.3d 1 (1st Cir. 2007) (affirming district court grant of summary judgment prior to class certification). Here, no prejudice to either MPDT, Ms. Richardson, or the putative class members is apparent, and MPDT and Ms. Richardson has not objected to having the motion to dismiss decided before class certification.

As a consequence of the pre-certification nature of the matter, for the purposes of assessing the pending motion to dismiss, "the potential claims of putative class members other than the named plaintiff are simply not before the court." *Evans*, No. 04–CV–103–JD, 2005 WL 2333841, at *4, 2005 U.S. Dist. LEXIS 20997, at *11. Therefore, in reviewing the motion, the Court wonders about the parties' positions as to whether the Court should treat MPDT and Ms. Richardson's claims as being brought solely by MPDT and Ms. Richardson. *Id.*; *see also Rutan v. Republican Party of Ill.*, 868 F.2d 943, 947 (7th Cir. 1989) ("Because no class of plaintiffs or defendants were certified, only the named plaintiffs and named defendants are before this court"), *rev'd in part on other grounds*, 497 U.S. 62 (1990)).

### B. Issues Partially Addressed

MDHHS observes that Ms. Richardson's claims may not be ripe "given the pending administrative action (which could result in reversal of the penalty)" and that even if the matter is ripe, "it might be appropriate for the Court to abstain from adjudicating Ms. Richardson's claims." *Def.'s Mot. to Dismiss* at 6, n.6 (ECF No. 7). It concedes that justiciability issues as regards Ms. Richardson's claim might not apply to the claims of the MPDT or to the class action claims of persons similarly

3

situated to Ms. Richardson, should the Court certify a class. *Id.* MDHHS does not, however, argue that the lawsuit as a whole is not justiciable. *Id.* Plaintiffs "agree that the class nature of the claim likely overcomes any challenge to ripeness or justiciability," and they argue that judicial economy considerations cut against dismissal on unripeness grounds. *Pls.' Opp'n to Def.'s Mot. to Dismiss and Request for Oral Argument* at 1, n.1 (ECF No. 8). The Court intends to discuss this issue with the parties. In addition, the Court would appreciate an update as to the status report of Ms. Richardson's administrative appeal.

### C. Issues Not Addressed

#### 1. MPDT's Standing

Although no party raises the issue of standing, the Court must satisfy itself that MPDT has constitutional standing to sue. *See Pagan v. Calderon*, 448 F.3d 16, 26 (1st Cir. 2006) ("[a] federal court must satisfy itself as to its jurisdiction, including a plaintiff's Article III standing to sue, before addressing his particular claims, regardless of whether the litigants have raised the issue of standing"). This requirement is rooted in Article III's "case-or-controversy" limitation on the federal courts' jurisdiction. *Nat. Res. Council of Me. v. Int'l Paper Co.*, 424 F. Supp. 2d 235, 243 n.10 (D. Me. 2006) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "There is no question that an association may have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth v. Seldin*, 422 U.S. 490, 511

4

(1975). An association may, in addition or instead, have standing to bring suit on behalf of its members. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 342-43 (1977).

On this issue, the Court is particularly interested in what—if any—injury MPDT might have suffered. The allegations in the Complaint and the briefing provide little detail about the MPDT itself or how the MDHHS action has impacted it as an entity (as opposed to impacts upon its beneficiaries).

### 2. Ms. Richardson's Standing

The Court is interested in the parties' views regarding what impact—if any—Ms. Richardson's pending administrative appeal might have on the requirement that she experience an injury-in-fact in order to have standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted) (an injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical").

### 3. Cognizability of § 1983 Action to Enforce 42 U.S.C. §§ 1396a(a)(18), 1396(c), 1396p(d), and/or any other Portion of § 1396p

The parties have not addressed the threshold question of whether the Plaintiffs may seek to enforce any rights secured for them in the Medicaid Act provisions they allege MDHHS violated—42 U.S.C. §§ 1396a(a)(18), 1396p, and 1396p(d)—via an action brought pursuant to 42 U.S.C. § 1983. Some, but not all, statutory rights are enforceable under § 1983. *DeCambre v. Brookline Housing Auth.*, 826 F.3d 1, 10 (1st Cir. 2016).

In Count I of the Complaint the Plaintiffs allege violation of § 1396p—apparently as a whole. Count I objects to MPDT's treatment of deposits into the MPDT "by individuals over age sixty-four as transfers of assets for less than fair market value" on the basis that "Ms. Richardson and others similarly situated [do] receive fair market value from the expenditures that MPDT can make on their behalf . . . ." *Compl.* ¶ 20. However, the only subsection of § 1396p that addresses transfers of assets is § 1396p(c), entitled "taking into account certain transfers of assets." Elsewhere in the Complaint, MPDT states that "[t]his action concerns whether the general anti-transfer rule in 42 U.S.C. § 1396p(c), applies to special needs trusts . . . ." *Compl.* ¶ 2. The Court requests clarification as to whether Count I alleges a violation of § 1396p(c) only—and not any other provision of § 1396p.

## II. CONCLUSION

At oral argument, counsel should be prepared to address:

(1)  Whether Ms. Richardson's claims are ripe for judicial review;

(2)  Whether the Plaintiffs have standing to bring their claims;

(3)  Specifically which provisions of 42 U.S.C. § 1396p Plaintiffs allege MDHHS violated in Count I of the Complaint; and,

(4)  Whether any of the Plaintiffs can enforce alleged violations of 42 U.S.C. §§ 1396a(a)(18), 1396p(d), and/or any other portion of § 1396p that Plaintiffs seek to invoke in Count I via a private right of action under 42 U.S.C. § 1983.

The Court ORDERS the parties to update the Court on the status of Ms. Richardson's fair hearing and administrative appeal of the MDHHS decision dated

February 28, 2017 (ECF No. 1, Attach. 2).  The Court ORDERS that if the parties wish to file supplemental memoranda addressing these issues, the parties file such supplemental memoranda by January 25, 2018.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2017